**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 12-cr-00256-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RODOLFO RUDY SIERRA,

    Defendant.

---

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

This matter is before the Court on Defendant Rodolfo Rudy Sierra's letter dated May 20, 2020 (Doc. # 90), which the Court construes as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582. For the following reasons, the Court denies the Motion without prejudice.

### I. ANALYSIS

On February 28, 2019, this Court revoked Defendant's supervised release and sentenced him to a term of eighteen (18) months of imprisonment. (Doc. # 88; Doc. # 89 at 2.) The sentence imposed by this Court was to begin after Defendant completed a separate term of imprisonment that was imposed by a Colorado state court in a different case. (Doc. # 89 at 2.) Therefore, it is not clear how much, if any, of the sentence imposed by this Court has been served. In the instant Motion, Defendant is seeking

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because he has a weak immune system, which makes him especially vulnerable to the COVID-19 virus.

Section 3582(c)(1)(A) permits a district court to reduce a term of imprisonment in certain circumstances, ". . . after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

> Simply put, under this provision, a criminal defendant may file a motion for compassionate release only if either: (1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.

*United States v. Rabadi*, No. 13-CR-353 (KMK), 2020 WL 1862640, at *2 (S.D.N.Y. Apr. 14, 2020) (citation omitted).

Moreover, this Court agrees with the vast majority of courts to have considered the issue and which have "concluded that a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that **the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic**." *Rabadi*, 2020 WL 1862640 at *3 (emphasis added) (collecting cases).

Defendant has not demonstrated that he has exhausted his administrative remedies. In fact, Defendant does not indicate that he has made any effort to present his compassionate release argument to the BOP. *See* (Doc. # 90). Therefore, the Court

is unable to grant Defendant the relief he requests prior to his exhaustion of the administrative remedies that are available.

## II.     CONCLUSION

Based on the foregoing, Defendant's Motion for Compassionate Release (Doc. # 90) is DENIED WITHOUT PREJUDICE.

DATED: May 28, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge